WIGGINS, Justice
(concurring specially).
I write separately to concur in the result only. I agree we should not abandon libel or slander per se. In addition to the reasons stated by the majority, I believe the only way a defamed person can definitely vindicate his or her reputation is to bring an action against the defamer. When a defamatory act gives rise to a per se claim, we should not require the defamed person to prove damages in order to vindicate his or her name. This is true for two reasons. First, in many cases, damages may be impossible to prove, and thus many per se cases would never be resolved. Second, a jury award of one dollar vindicates the defamed person’s reputation, a remedy far superior to any dollar amount a jury might award.
I also agree that Author Solutions, Inc. is a media defendant under any test we could devise to determine when a defendant is a media defendant. However, rather than articulate a test or factors for the bench and bar, the majority attempts to pigeonhole the facts of this case into caselaw from other jurisdictions. I think the majority bypassed an important opportunity to articulate a test or factors that would assist our courts and attorneys in identifying a media defendant in future litigation. As one author has noted: “The state supreme court grants review selectively; the court is intended to specialize in law development functions, to resolve legal issues of great importance to the jurisprudence of the state, and to assure decisional uniformity throughout the state.” Gerald B. Cope, Jr., Discretionary Review of the Decisions of Intermediate Appellate Courts: A Comparison of Florida’s System with Those of the Other States and the Federal System, 45 Fla. L.Rev. 21, 29 (1993) (emphasis added) (footnotes omitted).
By not providing a test or factors, the majority fails to perform one of our primary functions and gives credence to the dissenter’s argument that technological developments in communications and the proliferation of new electronic media will make it difficult, if not impossible, to distinguish between media and nonmedia defendants. I believe the orderly development of common law requires such an analysis, and this court could — and *468 should — develop principled standards to differentiate between media and nonmedia defendants.